# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

FERNANDO CANTU,
K76031

     Petitioner,

vs.             CIVIL NO. 18-cv-1139-DRH

DAVID RAINS,

     Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

In this habeas corpus action, filed pursuant to 28 U.S.C. § 2241, Petitioner brings a collateral attack on his 2015 Cook County conviction for residential burglary for which he is presently serving a 14 year sentence (Case No. 13-cr-1326701). Petitioner argues that he was wrongfully convicted of residential burglary because he had legal authority to enter the subject residence. He further argues (1) he was denied effective assistance of counsel; (2) his due process rights were violated; and (3) his Fourth Amendment rights were violated.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court

the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

Petitioner has invoked the wrong statute and his case will be dismissed on these grounds. The correct vehicle for a state prisoner seeking relief from a state court conviction is § 2254, not § 2241. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (holding a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). The Court will not automatically re-characterize the petition as being made pursuant to § 2254 because that statute contains a strict limit on the number of § 2254 petitions an inmate may file, and re-characterizing the petition may make it significantly more difficult for a litigant to file another motion. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003).

Additionally, Petitioner suggests that he presently has an appeal pending in the Illinois Appellate Court for the First Judicial District (Case No. 15-cv-3356). Therefore, it appears that Petitioner has not met the exhaustion requirements of § 2254.[1]

Finally, the Court notes that although Petitioner is presently confined in the Southern District of Illinois, he was convicted in Cook County, which is situated

---

[1] Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)

in the federal judicial district for the Northern District of Illinois. 28 U.S.C. § 93(a)(1). Therefore, the Northern District of Illinois is likely the more convenient forum for the hearing and determination of a habeas corpus action pertaining to the subject conviction, particularly because the records of Petitioner's conviction may be found there, as may most of the participants in his trial.

## Conclusion

Because Petitioner is challenging his custody pursuant to a final judgment of a state court, Section 2241 is unavailable to him. If he wishes to proceed with his request for relief, Petitioner must do so by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and only after exhausting all available state court remedies. It is also likely that the most appropriate forum for such a case would be the Northern District of Illinois.

## Disposition

For the reasons stated above, the instant habeas petition is **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the

amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. I, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.14 13:18:04
-05'00'

**United States District Judge**